[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10501
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 13, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cr-00337-ODE-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


ELIO AGUIRRE-HERNANDEZ,
a.k.a. Elio Fernandez,

Defendant-Appellant.


_____


Appeal from the United States District Court
for the Northern District of Georgia
_____


(February 13, 2012)


Before EDMONDSON, WILSON and BLACK, Circuit Judges.


PER CURIAM:

Elio Aguirre-Hernandez appeals his 50-month sentence for illegally re-entering the United States after having been deported as an aggravated felon, 8 U.S.C. § 1326(a) and (b)(2). No reversible error has been shown; we affirm.

On appeal, Aguirre-Hernandez argues that his sentence substantively is unreasonable because the district court failed to consider properly the 18 U.S.C. § 3553(a) factors and placed disproportionate weight on his earlier illegal re-entries. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

The weight to be given a particular section 3553(a) factor is left to the sound discretion of the district court. United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

Aguirre-Hernandez has failed to demonstrate that his sentence is unreasonable. First, his 50-month sentence is within the 46 to 57-month advisory guideline sentence range; and we ordinarily expect such a sentence to be reasonable. See Talley, 431 F.3d at 787-88 (concluding that, although not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). His sentence is also well below the 20-year statutory maximum sentence for his offense. See 8 U.S.C. § 1326(b)(2); United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that the reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence).

In addition, we are unconvinced that the district court committed a clear error of judgment in weighing the statutory factors. Although Aguirre-Hernandez argued that the guidelines' 16-level enhancement overrepresented the seriousness of his prior crime of violence,[*] it was within the district court's discretion to weigh this evidence against other factors, such as his criminal history and his immigration record. In weighing the evidence, the court noted that Aguirre-Hernandez's convictions for obstruction of an officer and for escape -- in addition

---

[*]Because Aguirre-Hernandez's conviction for obstruction of an officer involved kicking an officer during his arrest, the district court deemed it a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii).

3

to his three illegal re-entries -- demonstrated a pattern of disrespect for the law. The court also expressed its concern over Aguirre-Hernandez's conviction for criminal trespass, which involved assaulting the mother of his children with a knife. Based on this record, the court did not "focus single-mindedly" on one section 3553(a) factor to the detriment of the others. <u>See United States v. Crisp</u>, 454 F.3d 1285, 1292 (11th Cir. 2006) (concluding that a sentence was unreasonable when the district court "focused single-mindedly on the goal of restitution to the detriment of all of the other sentencing factors").

Given Aguirre-Hernandez's three illegal re-entries and his criminal record, we accept that a sentence within the guidelines range was needed to promote respect for the law, to provide just punishment, to deter him from further criminal activity, and to protect the public.

AFFIRMED.